IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-00863-LTB-PAC

TERRESA YORK,
BENJAMIN YORK,
ANGELINA ARNOLD, and
EDWARD ARNOLD,
In the interest OF NASHOBA YORK, a minor child,

Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT NO. 5,
DAKOTA VALLEY ELEMENTARY SCHOOL,
MONTE MOSES, in his official capacity as Superintendent,
ED STEINBERG, in his official capacity,
DIXIE PERRIMAN, in her official capacity,
BOBBIE JO CHAPMAN, individually and in her official capacity, and
FIVE OTHER UNKNOWN EDUCATION ADMINISTRATORS, SCHOOL ADMINISTRATORS, AND PRE-SCHOOL THROUGH SECOND-GRADE TEACHERS,

Defendants.
_____

ORDER
_____

The plaintiffs filed this action on behalf of Nashoba York, the child of Terresa and Benjamin York and the grandchild of Angelina and Edward Arnold, asserting claims for alleged violations of civil rights and other federal statutes.  The defendants, except the Dakota Valley Elementary School, answered the Verified Complaint on July 19, 2005.  A scheduling order issued and the parties began discovery.  The plaintiffs now move to amend their Complaint to add parties and dismiss others.  The motion, cursorily briefed by both parties, is GRANTED.

1

The plaintiffs seek voluntarily to dismiss all claims by Angelina and Edward Arnold; add claims by Terresa and Benjamin York on their own behalf; add Dr. James Barofio, allegedly an employee of the defendant Cherry Creek School District No. 5, as a defendant; dismiss all claims against Monte Moses, Ed Steinberg, Dixie Perriman, and Bobbie Jo Chapman in their official capacities; and dismiss all claims against the Dakota Valley Elementary School. Not surprisingly, the defendants do not object to any of the proposed dismissals and I see no reason to deny leave to amend the Complaint accordingly.    Fed. R. Civ. P. 15(a).

Leave to amend a complaint shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).  The Tenth Circuit also has stated that undue delay, bad faith, a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment all are appropriate grounds for denying leave to amend.  *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987).

The defendants object to the addition of Dr. Barofio on the grounds that amendment is untimely and that Dr. Barofio will suffer prejudice as a result. They do not, however, argue that any delay is undue. *See*, *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993). Nor do they give any reasons for their conclusory assertion of prejudice. The plaintiffs claim that Dr. Barofio is "named as a prospective deponent." Plaintiffs' Motion to Join Parties, 3. They do not say by whom is he named or for what purpose. Nor do they explain why requiring him to defend himself against their claims will cause him no additional costs or other prejudice. However, the defendants fail to fulfill their duty to persuade me on this question, so I will grant leave to add Dr. Barofio.

The defendants also object to the addition of Mr. and Mrs. York as individual parties, asserting that the Yorks have not exhausted their administrative remedies. I take the defendants' argument to be (they do not explain) that amendment would be futile because any claims would be subject to dismissal pursuant to Rule 12(b)(1). However, the parties have not provided any materials from which I may resolve this question. This bald assertion is more properly addressed pursuant to a Rule 12 motion.

Accordingly, it is ORDERED that

1) the plaintiffs' motion to amend is GRANTED;

2) the plaintiffs shall file their Verified Amended Complaint in the form submitted.

Dated: November  17 , 2005, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Chief Judge